## In re CHILDREN'S PERSONAL CARE PRODUCTS LIABILITY LITIGATION.

### MDL No. 2091.

United States Judicial Panel on Multidistrict Litigation.

Oct. 7, 2009.

Before ROBERT L. MILLER, JR. Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

### ORDER DENYING TRANSFER

ROBERT L. MILLER, JR., Acting Chairman.

**Before the entire Panel \*:** Plaintiffs in the three District of New Jersey actions have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in that district. This litigation currently consists of those actions and an action in the Northern District of California,[1] as listed on Schedule A.

The following responding parties: Defendants Johnson & Johnson Consumer Companies, Inc. (J & J); CVS/Caremark Corp.; Kimberly–Clark Corp (Kimberly–

---

Northern District of California and the District of New Jersey.

Clark); L'Oreal USA, Inc.; Target Corp.; and Wal–Mart Stores, Inc., support or do not oppose centralization in the District of New Jersey. Plaintiffs in the New Jersey potential tag-along action also support the motion. Plaintiffs in the Northern District of California action agree that centralization is appropriate, but suggest this California district as transferee forum. Defendant Kimberly–Clark alternatively suggests centralization in Northern District of Illinois. Defendants Gerber Products Co. and Proctor & Gamble Distributing LLC oppose the motion. If the Panel deems centralization appropriate, they support selection of the New Jersey district.

On the basis of the papers filed and hearing session held, we will deny plaintiffs' motion. Claims in all actions generally revolve around allegations that certain children's care products—including baby shampoo, bubble bath, baby wipes and similar products—which are represented as child-safe, are contaminated with 1, 4-dioxane, formaldehyde and/or methylene chloride. Plaintiffs allege that but for the failure to disclose these contaminants, plaintiffs would not have purchased these products. Any common issues, however, are overshadowed by the non-common ones. Only J & J is named as a defendant in all actions. Only two other defendants are named in two of the four actions; remaining defendants are named in one action each. More than ten different baby products with differing formulations are involved in these actions. Proponents of centralization have failed to persuade us that, given these circumstances, transfer under Section 1407 would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. *See* 28 U.S.C. § 1407(a). In addition, only six known related actions are pending in two federal districts.

Alternatives to transfer exist that may minimize whatever possibilities could arise of duplicative discovery and/or inconsistent pretrial rulings. For example, the parties could employ the same notices for depositions, interrogatories and requests for production in all actions, thereby making them applicable in each action; the parties could seek to agree upon a stipulation that any discovery relevant to more than one action is usable in all those actions; and any party could seek orders from the involved courts directing the parties to coordinate their pretrial efforts. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.

### SCHEDULE A

MDL No. 2091—**IN RE CHILDREN'S PERSONAL CARE PRODUCTS LIABILITY LITIGATION**

*Northern District of California*

*Theresa Herrington v. Johnson & Johnson Consumer Companies, Inc., et al.,* C.A. No. 4:09–1597

*District of New Jersey*

*Kristina Vercellono, et al. v. Gerber Products Co., et al.,* C.A. No. 2:09–2350
*Jennifer Crouch v. Johnson & Johnson Consumer Companies, Inc., et al.,* C.A. No. 2:09–2905
*Jaimee Boyd v. Johnson & Johnson Consumer Companies, Inc.,* C.A. No. 2:09–3135